# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| **JOEL CARTER, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 17-2723-SHM-tmp |
| ) | |
| **21st MORTGAGE CORPORATION, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

## REPORT AND RECOMMENDATION
_____

On September 28, 2017, plaintiffs Joel Carter and Catrina Ford Carter filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) This court granted the motion to proceed *in forma pauperis* on October 2, 2017. (ECF No. 7.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, it is recommended that plaintiffs' complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. PROPOSED FINDINGS OF FACT

On September 28, 2017, plaintiffs Joel Carter and Catrina Ford Carter filed a "Complaint for Violation of Civil Rights Under 42 U.S.C., § 1983." (ECF No. 1 at 1.) In the complaint, plaintiffs

allege: "Under 42 USC 1983 constitutional rights deprived[.]  Facts regarding Mortgage is securitization illegal[.]  Courtney Ward of 21st Mortgage violated const. rights harassment[.]"  (Id. at 2.)  As relief, plaintiffs request: "A Recouptent [sic] of all money given to 21st Mortgage plus interest[.]"  (Id. at 3.)  Plaintiffs also named Knoxville 2012 Trust as a defendant but included no other references to its conduct or potential liability in the complaint.  (Id. at 1-3.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Center for

-2-

Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B. Failure to State a Claim**

Plaintiffs' complaint is captioned "Complaint for Violation of Civil Rights Under 42 U.S.C, § 1983." (ECF No. 1 at 1.) To state a claim under § 1983,[1] a plaintiff must allege: (1) a deprivation

---

[1]Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

-3-

of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). 21st Mortgage Corporation and Knoxville 2012 Trust appear to be purely private parties, and plaintiffs' complaint does not allege that their actions were performed under color of state law or could otherwise be fairly attributed to the state. Therefore, plaintiffs cannot bring a section 1983 claim against 21st Mortgage Corporation or Knoxville 2012 Trust. See Berry v. Walter Mortg. Co., No. 1:13CV-00173-JHM, 2014 WL 2219233, at *4 (W.D. Ky. May 29, 2014) (finding that plaintiff failed to state a § 1983 claim against a mortgage company when plaintiff's complaint, construed in the light most favorable to the plaintiff, did not indicate or allege that the mortgage company acted under color of state law).

Furthermore, plaintiffs fail to provide any factual support for the allegation that the defendants' actions deprived them of any constitutional rights. Thus, the complaint contains only "a blanket assertion[] of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Because such conclusory

allegations are insufficient to state a plausible claim for relief, the complaint must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii); Iqbal, 556 U.S. at 679.

### III. RECOMMENDATION

For the reasons above, it is recommended that plaintiffs' complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 2, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**