IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| JOEL CARTER and CATRINA FORD CARTER, <br><br> Plaintiffs, <br><br> v. <br><br> 21ST MORTGAGE CORPORATION and KNOXVILLE 2012 TRUST, <br><br> Defendants. | No. 17-cv-2723-SHM-tmp |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated October 2, 2017 (the "Report"). (ECF No. 8.) The Report recommends that Plaintiffs Joel Carter and Catrina Ford Carter's *pro se* complaint against Defendants 21st Mortgage Corporation and Knoxville 2012 Trust (collectively, "Defendants") be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiffs have not filed any objections to the Report, and the deadline for doing so has passed. L.R. 72.1(g)(2).

For the following reasons, the Report is ADOPTED and this action is DISMISSED.

On September 28, 2017, Plaintiffs filed their *pro se* complaint against Defendants for violation of civil rights under 42 U.S.C. § 1983. (ECF No. 1 at 1.)[1] The complaint alleges that: "Under 42 USC 1983 constitutional rights deprived[.] Facts regarding Mortgage is securitization illegal[.] Courtney Ward of 21st Mortgage violated const. rights harassment[.]" (Id. at 2.) As relief, plaintiffs request: "A Recouptent [sic] of all money given to 21st Mortgage plus interest[.]" (Id. at 3.) Plaintiffs have named Knoxville 2012 Trust as a defendant, but include no reference to its conduct or potential liability in the complaint. (Id. at 1-3.)

On October 2, 2017, United States Magistrate Judge Tu M. Pham entered the Report. (ECF No. 8.) The Report recommends that the action be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Report explains as follows:

> Plaintiffs' complaint is captioned "Complaint for Violation of Civil Rights Under 42 U.S.C, § 1983." (ECF No. 1 at 1.) To state a claim under § 1983, a plaintiff must allege: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a]

---

[1] Unless otherwise noted, all in-cite page numbers refer to PageID numbers.

defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). 21st Mortgage Corporation and Knoxville 2012 Trust appear to be purely private parties, and plaintiffs' complaint does not allege that their actions were performed under color of state law or could otherwise be fairly attributed to the state. Therefore, plaintiffs cannot bring a section 1983 claim against 21st Mortgage Corporation or Knoxville 2012 Trust. See Berry v. Walter Mortg. Co., No. 1:13CV-00173-JHM, 2014 WL 2219233, at *4 (W.D. Ky. May 29, 2014) (finding that plaintiff failed to state a § 1983 claim against a mortgage company when plaintiff's complaint, construed in the light most favorable to the plaintiff, did not indicate or allege that the mortgage company acted under color of state law).

Furthermore, plaintiffs fail to provide any factual support for the allegation that the defendants' actions deprived them of any constitutional rights. Thus, the complaint contains only "a blanket assertion[] of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Because such conclusory allegations are insufficient to state a plausible claim for relief, the complaint must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii); Iqbal, 556 U.S. at 679.

(ECF No. 8 at 18-20 (footnotes omitted).)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has

3

been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a *de novo* or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Plaintiffs have not objected to the Report. Therefore, adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED and this action is DISMISSED.


So ordered this 17th day of October, 2017.

                                        */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT COURT JUDGE